UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCOUNTS RECEIVABLE MANAGEMENT & DATA SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>CABRINI MEDICAL CENTER,<br><br>Defendant. | Civil Action No.<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Accounts Receivable Management & Data Services, Inc. ("ARMDS"), having its principal at 400 Broadacres Drive, Bloomfield, New Jersey, by and through its attorneys, Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C., by way of complaint against defendant Cabrini Medical Center, having a place of business at 227 East 19th Street, New York, New York, says:

### ALLEGATIONS COMMON TO ALL COUNTS

1.   At all times herein set forth, plaintiff ARMDS was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and qualified to do business in the State of New York. ARMDS maintains its principal place of business at 400 Broadacres Drive, Bloomfield, New Jersey.

2.   Upon information and belief, defendant Cabrini was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business at 227 East 19th Street, New York, New York.

3.  This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue is based in this district as defendant has its principal place of business in Manhattan.

### FIRST COUNT
### [Breach of Contract]

5.  ARMDS provides, among other things, consulting services to hospitals for outpatient billing. Because of its special expertise, ARMDS is able to process patient billing more efficiently than the hospitals themselves.

6.  By written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient accounts, excluding ambulatory surgery and radiation therapy accounts.

7.  Pursuant to this agreement, ARMDS placed some of its employees on site to handle outpatient billing.

8.  Under the terms of the contract, ARMDS was to be paid a percentage of the billing collected.

9.  The parties agreed to terminate the agreement as of August 31, 2007.

10. There is presently due and owing a balance of $636,072.09 for services performed by ARMDS as of the termination date, which has not been paid although due and duly demanded.

11. By reason of the foregoing, ARMDS has suffered damages.

WHEREFORE, plaintiff ARMDS demands judgment against defendant Cabrini on this first count for:

A. Compensatory damages;

B. Interest and costs of suit;

C. Such other and further relief as the Court deems just and proper under the circumstances.

## SECOND COUNT
### [Work, Labor and Services]

12. ARMDS repeats the allegations of the first count as if fully set forth at length.

13. Between February 2007 and August 31, 2007, ARMDS provided work, labor and services to Cabrini having the agreed upon price and reasonable value $636,072.09, which has not been paid despite demand.

14. By reason of the foregoing, ARMDS has suffered damages.

WHEREFORE, plaintiff ARMDS demands judgment against defendant Cabrini on this second count for:

A. Compensatory damages;

B. Interest and costs of suit;

C. Such other and further relief as the Court deems just and proper under the circumstances.

## THIRD COUNT
### [Book Account]

15. ARMDS repeats the allegations of the first and second counts as if fully set forth at length.

16. Cabrini owes ARMDS $636,072.09 for work, labor and services provided between February 2007 and August 2007 in accordance with a book account, no part of which as been paid despite demand.

WHEREFORE, plaintiff ARMDS demands judgment against defendant Cabrini on this third count for:

A. Compensatory damages;

B. Interest and costs of suit;

C. Such other and further relief as the Court deems just and proper under the circumstances.

## FOURTH COUNT
[Unjust Enrichment]

17. ARMDS repeats the allegations of the first, second and third counts as if fully set forth at length.

18. Cabrini has been unjustly enriched in the amount of $636,072.09 for work, labor and services provided by ARMDS to Cabrini between February 2007 and August 2007.

WHEREFORE, plaintiff ARMDS demands judgment against defendant Cabrini on this fourth count for:

A. Compensatory damages;

B. Interest and costs of suit;

    C.    Such other and further relief as the Court deems just and proper under the circumstances.

                      Mandelbaum, Salsburg, Gold,
                      Lazris & Discenza, P.C.
                      Attorneys for Plaintiff

By: _____
      STUART GOLD (SG 4041)

155 Prospect Avenue
West Orange, NJ 07052
(973) 736-4600

New York Address:
99 John Street
New York, NY 10038

DATED: January 17, 2008

5