Philip C. Chronakis (PC-6714)
Caroline P. Wallitt (CW-2065)
GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendant Cabrini Medical Center*
111 Great Neck Road
Great Neck, New York  11021
(516) 393-2200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

ACCOUNTS RECEIVABLE MANAGEMENT      :     **ANSWER & COUNTERCLAIM**
DATA SERVICES, INC.,
                         :

                 Plaintiff,     :     No. 08 CV 00482

                         :     **TRIAL BY JURY DEMANDED**

     v.                        :

CABRINI MEDICAL CENTER,         :

                 Defendant.     :

                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant Cabrini Medical Center (the "Hospital"), by its attorneys, Garfunkel, Wild &

Travis, P.C., for its Answer to the Complaint filed by the Plaintiff on January 18, 2008, alleges

the following:

## ALLEGATIONS COMMON TO ALL COUNTS

       1.      The Hospital denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint.

       2.      The Hospital admits the allegations contained in paragraph 2 of the Complaint.

       3.      The Hospital neither admits nor denies the statements made in paragraph 3 of the

Complaint as they assert a legal conclusion to which no response is necessary.  To the extent that

846184v.2

the statements made in paragraph 3 of the Complaint contain any allegations to which a response is needed, the Hospital denies the allegations made in paragraph 3 of the Complaint.

4.      The Hospital neither admits nor denies the statements made in paragraph 4 of the Complaint as they assert a legal conclusion to which no response is necessary.  To the extent that the statements made in paragraph 4 of the Complaint contain any allegations to which a response is needed, the Hospital denies the allegations made in paragraph 4 of the Complaint.

## FIRST COUNT

5.      The Hospital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      The Hospital denies the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff and the Hospital executed a written agreement in 2004 (the "Agreement"), and respectfully refers the Court to the agreement for the true and correct terms, and legal effects, thereof.

7.      The Hospital denies the truth of the allegations contained in paragraph 7 of the Complaint, except respectfully refers the Court to the Agreement for the true and correct terms, and legal effects, thereof.

8.      The Hospital denies the truth of the allegations contained in paragraph 8 of the Complaint, except respectfully refers the Court to the Agreement for the true and correct terms, and legal effects, thereof.

9.      The Hospital denies the truth of the allegations contained in paragraph 9 of the Complaint, except admits that the parties terminated the Agreement in August 2007.

2

10.    The Hospital denies the truth of the allegations contained in paragraph 10 of the Complaint, except admits that the Hospital received invoices for payment from Plaintiff.

11.    The Hospital neither admits nor denies the statements made in paragraph 11 of the Complaint as they assert a legal conclusion to which no response is necessary. To the extent that the statements made in paragraph 11 of the Complaint contain any allegations to which a response is needed, the Hospital denies the allegations made in paragraph 11 of the Complaint.

## SECOND COUNT

12.    In response to paragraph 12 of the Complaint, the Hospital repeats and realleges the above answers as if fully set forth herein.

13.    The Hospital denies the truth of the allegations contained in paragraph 13 of the Complaint, except admits that the Hospital received invoices for payment from Plaintiff.

14.    The Hospital neither admits nor denies the statements made in paragraph 14 of the Complaint as they assert a legal conclusion to which no response is necessary. To the extent that the statements made in paragraph 14 of the Complaint contain any allegations to which a response is needed, the Hospital denies the allegations made in paragraph 14 of the Complaint.

## THIRD COUNT

15.    In response to paragraph 15 of the Complaint, the Hospital repeats and realleges the above answers as if fully set forth herein.

16.    The Hospital denies the truth of the allegations contained in paragraph 16 of the Complaint, except admits that the Hospital received invoices for payment from Plaintiff.

3

## FOURTH COUNT

17.   In response to paragraph 17 of the Complaint, the Hospital repeats and realleges the above answers as if fully set forth herein.

18.   The Hospital neither admits nor denies the statements made in paragraph 18 of the Complaint as they assert a legal conclusion to which no response is necessary.  To the extent that the statements made in paragraph 18 of the Complaint contain any allegations to which a response is needed, the Hospital denies the allegations made in paragraph 18 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

19.   Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, estoppel, and/or release.

### SECOND AFFIRMATIVE DEFENSE

20.   Plaintiff's claims are barred in whole or in part because Plaintiff has failed to satisfy the jurisdictional prerequisites for the commencement of this action.

### THIRD AFFIRMATIVE DEFENSE

21.   Plaintiff's claims are barred in whole or in part by its failure to mitigate injury and its failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

22.   Plaintiff's claims are barred by a defense founded upon documentary evidence.

### FIFTH AFFIRMATIVE DEFENSE

23.   Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FACTS COMMON TO ALL COUNTERCLAIMS

24.   The Hospital is a not-for-profit corporation formed under the laws of the State of New York with its principal place of business located at 227 East 19th Street, New York, New

846184v.2

York. The Hospital is licensed to operate as a general hospital under Article 28 of the New York
Public Health Law.

25.    Upon information and belief, Plaintiff Accounts Receivable Management & Data
Services, Inc. was and still is a corporation duly organized and existing under and by virtue of
the laws of the State of New Jersey, and qualified to do business in the State of New York.
Plaintiff maintains its principal place of business at 400 Broadacres Drive, Bloomfield, New
Jersey.

26.    By written agreement executed in 2004 (the "Agreement"), the Hospital retained
Plaintiff to manage all outpatient claims except ambulatory surgical claims and radiation therapy.

27.    Plaintiff's obligation under the Agreement to manage all outpatient claims (except
ambulatory surgery and radiation therapy) contained a number of sub-tasks, including, but not
limited to:

    a)    issuing the first bill;

    b)    "cleaning" claims for missing or incorrect codes, diagnoses, and/or
charges;

    c)    following up on outstanding balances and open claims;

    d)    matching claim to proper insurer;

    e)    billing claims with proper pre-authorization data to ensure payment;

    f)    submitting claims to insurer in a timely fashion to ensure payment;

    g)    re-bill any claims requiring additional information;

    h)    billing secondary insurance companies;

    i)    obtaining co-pays and deductibles from patients;

      j)      alerting the Hospital's information technologies department and management of problems in the computer system's electronic submission and processing of claims; and

      k)      following up on correspondence.

28.    Under the Agreement, Plaintiff was also obligated to provide the Hospital with specialty billing services for infusion therapy and referred ambulatory services.

## AS AND FOR A FIRST COUNTERCLAIM

29.    The Hospital repeats and realleges each and every allegation contained above, as if fully set forth at length herein.

30.    The Agreement is a valid and enforceable contract supported by consideration.

31.    Pursuant to the Agreement, Plaintiff agreed to manage all of the Hospital's outpatient claims (including, but not limited to, the tasks set forth above).

32.    Also pursuant to the Agreement, Plaintiff agreed to provide the Hospital with specialty billing services for infusion therapy and referred ambulatory services.

33.    Plaintiff failed to properly manage the Hospital's outpatient claims.

34.    Plaintiff failed to properly provide the Hospital with specialty billing services when Plaintiff incorrectly billed the Hospital's infusion therapy claims.

35.    Plaintiff's failure to fulfill its obligations to the Hospital under the Agreement constitute breaches of material provisions of the Agreement.

6

36.    As a result of Plaintiff's breaches of the Agreement, the Hospital has suffered and continues to suffer damages because the Hospital can no longer obtain reimbursement on many of the claims improperly filed by Plaintiff.

37.    Based upon the above, the Hospital is entitled to judgment against Plaintiff on this counterclaim in an amount to be determined at the trial of this matter, which amount is no less than $3,000,000, plus interest thereon, together with the costs and disbursements of this action, including reasonable attorneys' fees.

WHEREFORE, Defendant Cabrini Medical Center requests judgment dismissing the Plaintiff's Complaint in its entirety, and granting Cabrini Medical Center judgment on its Counterclaim as follows:

a)    On its Counterclaim, judgment in an amount to be determined at the trial of this matter, which amount is no less than $3,000,000, plus interest thereon, together with the costs and disbursements of this action, including reasonable attorneys' fees; and

b)    Such other and further relief in favor of Cabrini Medical Center as this Court may deem just, equitable, or proper.

7

## JURY DEMAND

Pursuant to the Federal Rule of Civil Procedure 38, Defendant Cabrini Medical Center

hereby demands a trial by jury of all issues so triable hereunder.

Dated: Great Neck, New York
March 20, 2008

GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendant Cabrini Medical Center*

By: _____

Philip C. Chronakis (PC-6714)
Caroline P. Wallitt (CW-2065)

111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

TO:    Stuart Gold (SG-4041)
MANDELBAUM, SALSBURG, GOLD, LAZRIS, & DISCENZA, P.C.
155 Prospect Avenue
West Orange, New Jersey 07052
(973) 736-4600

846184v.2