UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCOUNTS RECEIVABLE MANAGEMENT & DATA SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>CABRINI MEDICAL CENTER,<br><br>Defendant. | Civil Action No. 08CV00482(HSB)<br><br>Civil Action<br><br>**ANSWER TO COUNTERCLAIM** |

Plaintiff, Accounts Receivable Management & Data Services, Inc. ("ARMDS"), having its principal at 400 Broadacres Drive, Bloomfield, New Jersey, by and through its attorneys, Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C., by way of answer to the counterclaim of gainst defendant Cabrini Medical Center, having a place of business at 227 East 19th Street, New York, New York, says:

### AS TO FACTS COMMON TO ALL COUNTERCLAIMS

1. Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the counterclaim.

2. Plaintiff admits the allegations of paragraph 25.

3. Answering paragraph 26, plaintiff admits that by written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient accounts, excluding ambulatory surgery and radiation therapy accounts. Except as so stated, plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

4. Answering paragraph 27, plaintiff admits that by written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient

accounts, excluding ambulatory surgery and radiation therapy accounts, and that the services to be provided by plaintiff are governed by that agreement. Except as so stated, plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

5. Answering paragraph 28, plaintiff admits that by written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient accounts, excluding ambulatory surgery and radiation therapy accounts, and that the services to be provided by plaintiff are governed by that agreement. Except as so stated, plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

## AS TO THE FIRST COUNTERCLAIM

6. Answering paragraph 29, Plaintiff repeats its responses to every allegation contained above as if set forth at length.

7. Answering paragraph 30, plaintiff admits that by written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient accounts, excluding ambulatory surgery and radiation therapy accounts, and that the services to be provided by plaintiff are governed by that agreement. Except as so stated, plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

8. Answering paragraph 31, plaintiff admits that by written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient accounts, excluding ambulatory surgery and radiation therapy accounts, and that the services to be provided by plaintiff are governed by that agreement. Except as so

stated, plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

9. Answering paragraph 32, plaintiff admits that by written agreement dated October 19, 2004, Cabrini retained ARMDS to process the billing for Cabrini's outpatient accounts, excluding ambulatory surgery and radiation therapy accounts, and that the services to be provided by plaintiff are governed by that agreement. Except as so stated, plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

10. Plaintiff denies the allegations of paragraph 33.

11. Plaintiff denies the allegations of paragraph 34.

12. Plaintiff denies the allegations of paragraph 35.

13. Plaintiff denies the allegations of paragraph 36.

14. Plaintiff denies the allegations of paragraph 37.

## AFFIRMATIVE DEFENSES

1. Plaintiff incorporates by way of reference its complaint as an affirmative defense for setoff and recoupment.

4. Defendant failed to mitigate damages.

5. Defendant's claims are barred by the doctrines of waiver and estoppel.

6. Defendant's damages are due to their own conduct.

WHEREFORE, plaintiff ARMDS demands judgment against defendant Cabrini dismissing the counterclaim with prejudice and with costs and for such other and further relief as the Court deems just and proper.

>Mandelbaum, Salsburg, Gold,
>Lazris & Discenza, P.C.
>Attorneys for Plaintiff
>
>By: *(signature)*
>STUART GOLD (SG 4041)
>
>155 Prospect Avenue
>West Orange, NJ 07052
>(973) 736-4600
>
>New York Address:
>99 John Street
>New York, NY 10038

DATED: April 18, 2008

TO:  Carolin Prucnal Wallitt, Esq.,
     Garfunkel, Wild & Travis
     111 Great Neck Road
     Great Neck, NY 11021